**UNITED STATES of America and State of Maryland**

v.

**Edward AZRAEL, et al.**

**Civ. A. No. WN 89–2898.**

United States District Court,
D. Maryland.

Sept. 20, 1991.

---

Warren K. Rich and Graham & James, Washington, D.C., for third-party plaintiffs Edward Azrael, Harriet Azrael and Estate of Cele Landay.

Mark E. Brummer, Brian R. Land and Kirkland & Ellis, Washington, D.C., for third-party plaintiff General Motors Corp.

Robert G. Abrams, Richard W. Fields, M. Lee Doane and Howrey & Simon, Washington, D.C., for third-party defendant Exxon Corp.

Thomas Lingen and Venable, Baetjer & Howard, Baltimore, for third-party defendant Armco Steel Corp.

Roy Cobb, Law Dept. of Container Corp. of America, Clayton, Mo., and Lynn A. Monaco and Nixon & Hargrave, Rochester, N.Y., for third-party defendant Container Corp.

Richard B. Stewart, Robin Lancaster and Patricia K. Casano, U.S. Dept. of Justice, Lands and Natural Resources Div., Environmental Enforcement Section, Washington, D.C., Andrew S. Goldman, Asst. Regional Counsel, U.S. Environmental Protection Agency–Region III, Philadelphia, Pa., and Richard D. Bennett, Jefferson M. Gray, and U.S. Attorney's Office, D. Md., for plaintiff U.S.

J. Joseph Curran, Jr., Kathy M. Kinsey, Pamela Marks, and Maryland Dept. of Environment, Baltimore, Md., for intervening plaintiff State of Md.

### MEMORANDUM

NICKERSON, District Judge.

Currently pending before the Court are the following motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6): (1) Third Party Defendant Exxon Corporation's Motion to Dismiss General Motors Corporation's Third Party Complaint filed June 11, 1991 (Paper No. 122); (2) Third Party Defendant Exxon Corporation's Motion to Dismiss General Motors Corporation's First Amended Third Party Complaint filed July 26, 1991 (Paper No. 149); (3) Third Party Defendant Container Corporation of America's Motion to Dismiss Edward Arzael's Third Party Complaint, or, in the Alternative, Motion For a More Definite Statement filed on June 17, 1991 (Paper No. 135); (4) Third Party Defendant Armco Steel Corporation's Motion to Dismiss Edward Azrael's

Third Party Complaint filed June 13, 1991 (Paper No. 126). *All motions are opposed.* (*See* Paper Nos. 150, 153 and 168). The Court has concluded that a hearing is not necessary (Local Rule 105.6) and that all the motions to dismiss should be denied.

## I. BACKGROUND

In October, 1989, the United States of America ("United States") brought suit against Edward Azrael ("Azrael"), General Motors Corporation ("GM") and six other defendants under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601, *et seq.*, seeking: (1) recovery of cleanup costs incurred in removing hazardous substances from a disposal site located at the intersection of Kane and Lombard Streets in Baltimore, Maryland ("Site"); and (2) a declaratory judgment for future cleanup costs associated with the Site. The State of Maryland has since intervened as plaintiff and also requests recovery of its cleanup costs under CERCLA and state law.[1]

On February 15, 1990 Judge Howard[2] issued a Case Management Order (Paper No. 30) to promote the orderly conduct of this litigation. The Case Management Order established, among other things, a "preliminary discovery period" for defendants to gather evidence of

> the identity of other potentially responsible parties ("PRPs") and the facts that tend to prove or disprove that they fall within one or more of the classes of persons identified in Section 107(a) of CERCLA

*See* Case Management Order at 2–3. After engaging in preliminary discovery, GM and Azrael filed third party actions against several parties—including Armco Steel Corporation ("Armco"), Exxon Corporation ("Exxon") and Container Corporation of America ("Container")—within the time limit specified in the Case Management Order. Armco, Exxon and Container—the third party defendants—ask this court to dismiss the third party complaints under Fed.R.Civ.P. 12(b)(6). For the reasons stated below, the Court will deny all motions to dismiss.

## II. LEGAL STANDARDS

A motion made pursuant to Fed.R.Civ.P. 12(b)(6) allows a claim to be dismissed for failure to state a claim upon which relief can be granted. The purpose of a motion under Rule 12(b)(6) is to test the legal sufficiency of the statement of the claim. *Chertkof v. Baltimore*, 497 F.Supp. 1252, 1258 (D.Md.1980). The standard for a motion to dismiss is well known: a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). For the purposes of ruling on a motion under Rule 12(b)(6), the Court must accept the allegations contained in the complaint as true, and must liberally construe the complaint as a whole. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969).

## III. MERITS

### 1. *Exxon's Motions to Dismiss*

#### a. Procedural Background

On April 10, 1991 GM filed a third party complaint against Exxon seeking contribution under CERCLA and under state law (Paper No. 78). On June 11, 1991 Exxon filed a motion to dismiss under Fed. R.Civ.P. 12(b)(6) (Paper No. 122) ("first motion to dismiss"). In response GM filed a first amended third party complaint and an opposition to Exxon's first motion to dismiss ("first opposition") on July 3, 1991 (Paper No. 150).[3] On July 26, 1991 Exxon filed a motion to dismiss the first amended

---

**1.** A discussion of the procedural history of this case may be found in the Court's Memorandum dated April 30, 1991, 765 F.Supp. 1239 (*see* Paper No. 90).

**2.** On June 23, 1990 this case was reassigned to the undersigned (*see* Paper No. 56).

**3.** In their first opposition GM argues that the amended complaint adequately responds to the concerns raised in Exxon's first motion to dismiss.

complaint under Fed.R.Civ.P. 12(b)(6) (Paper No. 158) ("second motion to dismiss"). GM then filed an opposition to the second motion to dismiss on August 23, 1991 (Paper No. 168) ("second opposition"). Finally, on September 6, 1991, Exxon filed a reply reiterating the grounds stated in their second motion to dismiss (Paper No. 170).

#### b. Analysis

In Count I of the first amended complaint, GM sets out the factual basis for its CERCLA claim against Exxon as follows:

> During at least the period of approximately 1962 until approximately 1975, Exxon arranged for Fred Sauer, Jr. or Fred Sauer Jr.'s company, which was known as "North Point Trash Removal", to transport for disposal, wastes from Exxon's facility on Boston Street in Baltimore, Maryland ("Exxon's facility"). During at least this same time period, Exxon also arranged for Exxon's own employees to transport for disposal, wastes from Exxon's facility. Exxon's wastes included, without limitation, industrial trash and waste oil. These wastes contained hazardous substances. These wastes were disposed of at the Site. For example, and without limitation, waste oil typically contains hazardous substances such as lead, zinc, barium, and chromium. EPA documents indicate that all of these hazardous substances have been found at the Site by EPA's contractor.

First Amended Complaint at ¶ 14 (Paper No. 150). Count II of the first amended complaint contains a state law claim against Exxon in which GM recites the above facts verbatim. *See* First Amended Complaint at ¶ 21 (Paper No. 150).[4]

Exxon advances two arguments in support of its second motion to dismiss.[5] First, Exxon asks the Court to dismiss the complaint on its face for failure to meet the particularity requirement for federal pleadings. *See* Reply at 12 (Paper No. 170). In support of this argument, Exxon contends that: (1) GM's allegation that Exxon "arranged for Fred Sauer, Jr. ... to transport [waste] for disposal" does not allege with sufficient particularity that waste from Exxon's facility was ever disposed of at the Site; and (2) GM fails to identify who transferred Exxon's waste to the Site or on what dates such waste was transferred.

Under CERCLA, to hold Exxon liable as a generator of hazardous wastes, GM must prove the following elements:

> (1) that the generator disposed of hazardous substances; (2) at a facility which contains at the time of discovery hazardous substances of the kind the generator disposed of; (3) that there is a release or a threatened release of that or any hazardous substance; (4) which triggers the incurrence of response costs.

*United States v. Bliss*, 667 F.Supp. 1298, 1310 (E.D.Mo.1987).

In light of these four factors, the Court is satisfied that GM's amended complaint is pled with sufficient particularity to withstand a motion to dismiss.[6] Although GM has not alleged who transported waste from Exxon's facilities to the Site, or when such waste was transported to the Site, GM has alleged that the type of waste which Exxon "arranged" to have transported to the site was contained at the Site at the time of discovery. GM has also alleged that Exxon "arranged for" such disposal

---

**4.** Because the language of the state statute, *see* Md.Envt'l Code Ann. § 7–201(x), substantially tracks the language of the federal statute, *see* 42 U.S.C. § 9607(a)(3), the Court will treat these claims together while considering Exxon's second motion to dismiss.

**5.** Exxon's first motion to dismiss became moot when GM filed its first amended complaint (*see* Paper No. 150).

**6.** Exxon argues that CERCLA claims should be held to a higher standard for particularity, similar to the higher standard applied to claims for fraud and mistake under Fed.R.Civ.P. 9(b). *See* Reply at 5–9 (Paper No. 170). Exxon relies on a recent opinion from the District of Massachusetts, *see Cash Energy, Inc. v. Weiner*, 768 F.Supp. 892 (D.Mass.1991), to support its argument. This court, however, declines to follow this recent trend and will continue to hold CERCLA claims to the traditional pleading standards embodied in Fed.R.Civ.P. 8(a)(2). *Accord Stilloe v. Almy Bros, Inc.*, 759 F.Supp. 95, 104–05 (N.D.N.Y.1991).

with a specific individual as well as with its own employees. GM further alleges that Exxon

> by contract, agreement or otherwise arranged for the disposal and/or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by it *at the Site*

First Amended Complaint at ¶¶ 13, 20 (emphasis added) (Paper No. 150). The Federal Rules do not require a claimant to set forth in explicit detail all facts which underlie his or her claim. *See Rosengarten v. Buckley*, 565 F.Supp. 193, 195 (D.Md.1982). The Federal Rules contemplate that such facts will be gathered through the discovery process, and if sufficient facts are not ascertained, that motions for summary judgment will be appropriate. GM's allegations satisfy the first two factors set forth in *Bliss*. The last two *Bliss* factors are clearly satisfied considering the nature of this litigation. Thus, GM's complaint is legally sufficient on its face.

Exxon also asks the Court to dismiss GM's amended complaint in light of the deposition testimony of Mr. Orlando Michael Cefaloni. *See* Reply at 13–14 (Paper No. 170). Although courts are primarily limited to the allegations in the complaint when ruling on a motion to dismiss, *see* 5A C. Wright and A. Miller, *Federal Practice and Procedure: Civil 2d*, § 1357 (1990), Exxon argues that Mr. Cefaloni's deposition is part of the record in this case or is otherwise fit for consideration in the instant motion. The Court need not resolve this issue, however, for the Court finds that the amended complaint is legally sufficient even with the deposition testimony of Mr. Cefaloni. Accordingly, Exxon's motion to dismiss will be denied.

### 2. Container and Armco's Motions to Dismiss

On April 10, 1991 defendant Azrael filed third party complaints against Container and Armco seeking contribution under CERCLA and state law (Paper No. 74). On June 13, 1991 Armco filed a motion to dismiss Azrael's third party complaint un-

der Fed.R.Civ.P. 12(b)(6) (Paper No. 126). On June 17, 1991 Container filed a motion to dismiss third party Azrael's complaint under Fed.R.Civ.P. 12(b)(6), or, in the alternative, a motion for a more definite statement under Fed.R.Civ.P. 12(e) (Paper No. 135). On August 1, 1990 Azrael filed a first amended third party complaint against Armco and Container (Paper No. 160). Azrael's first amended complaint renders moot these defendants' motions to dismiss. Accordingly, Armco's and Container's motions will be denied.